UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PIERRE HARRISON,

          Plaintiff,

-against-

THE CITY OF NEW YORK, CAPTAIN
KADESSHA MULLGRAV, CAPTAIN TONY
MONTAGUE, and FIVE INDIVIDUAL JOHN
DOE OFFICERS,

          Defendants.

25-cv-01983 (RA)(SDA)

### STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

      **WHEREAS**, the parties have sought certain documents and information in discovery in this action, which they deem confidential; and,

      **WHEREAS**, the parties object to the production of those documents and that information unless appropriate protection for their confidentiality is assured; and,

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiffs and defendants, as follows:

      1.    <u>Confidential Information.</u> As used herein, without waiving any objections the parties might seek to interpose regarding production of these documents, "Confidential Information," means (a) all medical records concerning Plaintiff; (b) performance evaluations and any other employment related documents for any individually named defendant, including disciplinary records; (c) social security number, and date of birth (except year) of the Plaintiff; (d) documents the parties designate as "Confidential" pursuant to this Order, so long as the designation is in good faith; and (e) any documents that the Court directs to be produced subject

to this Order. In designating any other information as "Confidential," a party will make such designation only as to that information that it in good faith believes contains confidential information.

2. <u>Use of Confidential Information.</u> Neither the parties, their attorneys, nor anyone else set forth in paragraph 4(b) receiving such Confidential Information shall use the Confidential Information for any purpose other than for the preparation or presentation of their case in this action, except that nothing shall preclude the parties from using, for any purpose outside this litigation, documents they have produced, or deposition testimony they alone have designated (and no other party has designated), as Confidential Materials.

3. <u>Designation of Materials.</u> In order to designate documents or other material as "Confidential" within the meaning of this Stipulation and Protective order, the Producing Party may affix the legend "Confidential" to the documents or material in a manner so as not to interfere with the legibility thereof, and/or may designate such documents by title, Bates number or other method reasonably calculated to give the Receiving Party notice of the confidentiality designation, in a writing directed to the Receiving Party's attorneys. The Producing Party may designate as "Confidential" any documents or material pursuant to this Order at production or within 20 days after production of such documents or material. Deposition or hearing testimony may be designated as "Confidential Information" by an appropriate statement on the record at the time when such testimony is given or upon subsequent written notification to counsel upon review of the transcript or within 20 days after receipt of the deposition Transcript. Inadvertent failure to designate a document as Confidential pursuant to this Order may be corrected by supplemental written notice and supplemental production, each given as soon as practicable. No disclosure of Confidential Information (or any information contained therein or derived therefrom), whether intentional or inadvertent, shall be deemed to

waive any of the rights provided herein or at law, including claims, objections, and assertions of privilege and/or relevancy, except as provided above. Disclosure of Confidential Information for one purpose does not constitute a waiver for any other purposes.

        4.    <u>Disclosure of Confidential Information to Third Parties.</u> In advance of trial, neither a party nor counsel in receipt of Confidential Information shall disclose Confidential Information to any person except under the following conditions:

    a.    Disclosure may be made only if necessary to the preparation or presentation of the parties' case and to those individuals described in subparagraph (b) below.

    b.    Disclosure before trial may be made only to (i) the Court, the parties in this action and their attorneys, (ii) any vendor hired by the receiving counsel to assist in discovery management and/or trial preparation; (iii) an expert who has been retained or specially employed by counsel in anticipation of litigation or preparation of this action (including consulting experts); or (iii) a witness at a deposition.

    c.    Before any disclosure is made pursuant to Section (a)(ii)-(iii) above, the Receiving Party's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or defense of the Action and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by that party's attorneys and a copy shall be furnished to the Producing Party upon request, but only with respect to

those witnesses who are identified by a party pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure. Nothing in this provision shall require disclosure by a party of the identity of non-testifying experts and/or consultants.

    d.    In the event a conflict arises between the parties as to whether a party may show Confidential Information to an individual not listed in subparagraph (b) above, or to a witness during a deposition (as provided in subparagraph (a)(iv) above), the receiving party agrees not to do so until such time as the parties can obtain a ruling from the Court in this regard.

5.    <u>Reproduction of Confidential Information.</u>  Confidential Information shall not be copied or reproduced except for use in this action, and shall not be copied or reproduced for use in this action except to the extent such copying or reproduction is reasonably necessary to the conduct of this action, and all such copies or reproductions shall be subject to the terms of this Order. If the duplicating process by which copies or reproductions of Confidential Information are made does not preserve the confidentiality designations that appear on the original documents, all such copies or reproductions shall be restamped "CONFIDENTIAL" as appropriate. All copies or reproductions of Confidential Information shall be kept under the control of the persons described in paragraph 4(b).

6.    <u>Documents Not Covered.</u>  The provisions of this Stipulation and Protective Order shall not apply to documents or other material designated as Confidential Materials to the extent that such documents or materials (a) are obtained from sources other than the Producing Party, with the exception of materials obtained pursuant to a party's HIPAA authorization(s) for the release of such documents, or (b) are otherwise publicly available.

7.  <u>Objections to Confidential Designations.</u>  If any party objects to any documents or information being designated Confidential Information, the Receiving Party shall state the objection by letter to the Producing Party. The parties shall then meet and confer, and if the Receiving Party gives notice that the meet and confer was unsuccessful and no agreement can be reached, the Producing Party may move within 60 days of such notice for an Order that the challenged information qualifies as Confidential Information. The disputed information shall be treated as Confidential until the Court issues a ruling.

8.  <u>Depositions.</u>  Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order. A party may designate deposition testimony as Confidential either by: (a) indicating on the record during the deposition that a question and response thereto relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Stipulation and Protective Order;" or (b) notifying the reporter and the other party/parties, in writing, within 30 days after receipt of the deposition transcript (during which time the entire deposition will be considered "Confidential"), of the specific pages and lines of the transcript that are to be designated "Confidential," in which event the parties receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the party or their counsel.

9.  <u>Filings with the Court.</u>  If any paper which incorporates any Confidential Materials or reveals the contents thereof is to be filed in this Court, those portions of the papers

> The parties must adhere to Rule 5(A) of the Court's Individual Rules & Practices in Civil Cases for all public court filings.

shall be filed under seal, in accordance with the rules of the district court in which the Action is filed and/or the Individual Rules of the judge to whom the papers are directed. ~~However, where the confidential information is not material to issues addressed in court submissions and the parties agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the party may file redacted documents without further order of the Court.~~

        11.    <u>Agreement to Be Bound.</u> For the purposes of this Stipulation only, the Parties and individuals in receipt of Confidential Information as set forth in paragraph 4(b) agree to be subject to the jurisdiction of the Court (including, but not limited to, any dispute concerning its enforcement and/or interpretation) and to be bound by the terms of this Stipulation and Order. All documents or information that have been deemed confidential pursuant to this order, including all originals, copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by either party, or anyone receiving confidential documents pursuant to paragraph 4(b) herein, for any purpose without prior Court approval.

        12.    <u>Termination of this Case.</u> Within 30 days after the termination of this Action, including any appeals, the Confidential Material, including all copies (other than the Court's copies of such material), shall be returned to the Producing Party's attorneys or, upon consent, destroyed; except that the Receiving Party's attorney shall retain one copy of the Confidential Material, and any Confidential Material containing attorney work product (including but not limited to, notes, and other materials containing or referring to the contents of Confidential Material), to the extent required to comply with applicable law or regulation, so long as appropriate and reasonable safeguards (at least as stringent as those used to

protect the Producing Party's own information of similar nature) are imposed to prevent the use of the Confidential Material for any other purpose. Confidential Material which were uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Material and shall also be safe guarded by the Receiving Party's attorney in the same manner as described in this paragraph.

13. <u>Miscellaneous</u>. Notwithstanding the provisions of this Stipulation and Protective Order, if either party, his/her attorneys, or anyone on either parties' behalf make public representations, the substance of which concerns or is contained in the Confidential Materials, either party may move the Court, on an expedited basis, for relief.

14. <u>Modification of this Order.</u> The parties may seek modification of this Stipulation and Protective Order, and either party may seek review of confidentiality designations under this Order by application to the Court for good cause shown at any time during this litigation.

15. <u>Filing this Order.</u> This Stipulation and Protective Order may be filed with the Court bearing facsimile or scanned signatures of counsel as though originals.

16. Inadvertent, unintentional production of any document or information which is privileged, was prepared in anticipation of litigation, or that is subject to *in camera* review by the Court, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of Producing Parties' attorney's right to object to the use of any such document or the information contained therein during any proceeding in this Action or otherwise. The Receiving Party shall immediately return or destroy such documents and information, shall provide a certification of counsel that all inadvertently disclosed material has

been returned or destroyed, including any copies, and shall not use such material for any purpose.

17. Nothing set forth herein shall be construed to limit defendant's ability to object to the designation of Plaintiff's medical records as Confidential at any time during the course of this litigation, notwithstanding Paragraphs 1 and 7 above inasmuch as it pertains to the timing of defendant's objection to the designation.

17. This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

18. The terms of this Stipulation and Protective Order shall be binding upon all current and future parties to this Action and their counsel.

Dated: New York, New York
       October _____ 2025

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP
1 Rockefeller Plaza, 8th Floor
New York, NY 10020
(212) 763-5000

By: _____
Julia Kuan, Esq.
Rachael Wyant, Esq.
*Attorneys for Plaintiff*

MURIEL GOODE-TRUFANT
Corporation Counsel of the
City of New York
100 Church Street
New York, New York 10007
(212) 356-2422

By: _____
Rachel Seligman Weiss
Caroline Dicostanzo
*Attorneys for Defendant*

SO ORDERED:

_____
HON. RONNIE ABRAMS
October 23, 2025

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York in the action entitled *Pierre Harrison. v. City of New York*, 25-cv-01983 and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not disclose the Confidential Materials except in testimony taken in this case.

_____    _____
Date                                                                          Signature

                                                                              _____
                                                                              Print Name

                                                                              _____
                                                                              Occupation